**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**


DANIEL FERRANTE, JR.,                    :

      Plaintiff,                    :        Case No.  3:09cv00128

vs.                                      :        District Judge Thomas M. Rose
                                                  Magistrate Judge Sharon L. Ovington
JONATHAN P. HEIN, et al.,                :

      Defendants.                   :


===

**REPORT AND RECOMMENDATIONS[1]**

===


## I.    INTRODUCTION

      Plaintiff Daniel Ferrante, Jr., a resident of Greenville, Ohio, brings this case pro se raising various claims against Judge Jonathan P. Hein; Prosecutor R. Ormsby, III; attorney Daniel J. O'Brien, Sr.; and a person whose last name is "Taliento's."  Accepting Plaintiff's factual allegations as true and construing his pro se Complaint in his favor, *see Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009), he seeks to raise federal constitutional claims under 42 U.S.C. §1983.

      The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* (IFP) under 28 U.S.C. §1915.  This case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, it must be

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

dismissed under 28 U.S.C. §1915(e)(2)(B).

## II. THE COMPLAINT

Plaintiff alleges that during a telephone conversation, police officer Eric Roberts threatened to obtain a warrant for Plaintiff's arrest unless he "got down to the Police Dept." (Doc. #2 at 6). Officer Roberts also told Plaintiff that his daughter was already at the police station. Plaintiff explains that when he arrived at the police station, he was not read his rights under federal law – presumably his *Miranda*[2] rights – and that he requested an attorney for himself and his daughter. In response, Officer Roberts allegedly stated, "he makes the law in Greenville! This went on for 2 to 3 hrs. Then he [Officer Roberts] told us we could go but if we tell or talk to anybody about this talk..., even tell an attorney[,] we would be arrested and put away for a long a long time!" *Id*. (Plaintiff's exclamation marks).

At some point Plaintiff was arrested and he "went to prison for 1yr Nov-13-06 to Nov-12-07, with no Parole! I did ask Judge Hein for a jury trial and he said No! O'Brien asked if he could appeal [–] Judge said No!..." *Id*. (Plaintiff's exclamation marks).

Plaintiff's Complaint also contains allegations concerning events that occurred during the Summer of 2005 concerning illegal drugs sales in his neighborhood. The Complaint poses several questions, for example, "why does Eric Roberts and the Greenville Police arrest people who [are] trying to help the police clean up their neighborhood?" (Doc. #2, Exh. 1 at 4). It further appears from the Complaint that Plaintiff was arrested, charged, and convicted of drug trafficking, because he supposedly gave his physician-prescribed medication (Oxycotin) to his daughter to sell. Plaintiff states that he never gave his medications to his daughter, or anyone else, to sell. *Id*. at 4-6. He claims that the evidence against him only consisted of rumors and the Grand Jury declined to indict him and that his attorney, Daniel O'Brien, Sr. just let him "go to prison

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 473-74, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

for something he did not do!  They had him sign a paper that no body would explain to him at all! His attorney Daniel J. O'Brien Sr. told him that if he would put his name on the paper that he would go home to his wife!  All 4 of them [the named Defendants] railroaded this man [Plaintiff]!"  (Doc. # 2, Exh. 1 at 6).

As remedies, Plaintiff seeks an Order (1) firing and removing Judge Hein "from the bench at once" and preventing him from getting a job in law anywhere in the USA for life; (2) firing prosecutor Ormsby and preventing him from being a prosecutor anywhere in the USA; (3) firing Officer Roberts and preventing him from either getting a job as a police officer or having anything to do with the law; and (4) putting Taliento's "back in prison for wanting to commit pergrey [sic] before a jury!"  *Id*. at 8 (Plaintiff's exclamation mark).  Plaintiff also seeks, in part, payment of 250 million dollars in damages, the revocation of all defendants' gun licenses and an Order requiring defendants to apologize to Plaintiff on television and in the newspaper.  *Id*.

### III.    STANDARDS OF REVIEW

In enacting the original IFP statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the United States District Courts to dismiss an IFP Complaint if they are satisfied that the action is frivolous or malicious.  *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(i).

Reviewing a Complaint under §1915(e)(2)(B), the Court resolves whether it raises a claim with a rational or arguable basis in fact or law.  *See Neitzke,* 490 U.S. at 328-29. If it does not, it is frivolous or malicious and subject to dismissal.  *See id*.; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at

327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton*, 504 U.S. at 32; *see also Lawler*, 898 F.2d at 1199.

Congress has also authorized the dismissal of Complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §1915(2)(B)(ii). A *pro se* Complaint fails to state a claim upon which relief can be granted if – accepting the factual allegations as true and liberally construing them in the plaintiff's favor – the Complaint provides "more than labels and conclusions...." *Gunasekera*, 551 F.3d at 466 (quoting in part *Bell Atlantic v. Twombly*, 550 F.3d 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)); *see Evans-Marshall v. Bd. of Education of Tipp City*, 428 F.3d 223, 228 (6th Cir. 2005). "'[A]nd a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level.'" *Gunasekera*, 551 F.3d at 466 (quoting *Twombly*, 550 F.3d 544, 127 S.Ct. at 1964-65); *see Evans-Marshall*, 428 F.3d at 228.

A Complaint containing facts creating only "a *suspicion* of a legally cognizable right of action is insufficient." *Bishop v. Lucent Technologies, Inc*., 520 F.3d 516, 519 (6th Cir. 2008). Yet the Complaint is not measured by a standard requiring "heightened fact pleading of specifics...." *Bassett v. National Collegiate Athletic Ass'n*., 528 F.3d 426, 430 (6th Cir. 2008)(quoting in part *Twombly*, 127 S.Ct. at 1965). It needs "only enough facts to state a claim to relief that is plausible on its face.'" *Id*.

## IV.   ANALYSIS

Accepting Plaintiff's allegations as true and construing them liberally in his favor, his Complaint does not set forth a plausible claim for relief under 42 U.S.C. §1983. Although Plaintiff seeks to recover monetary damages and other relief stemming from his unlawful questioning by police, and his unlawful arrest, conviction, and imprisonment, he has not provided any indication that the drug trafficking charge – or any other charge – he seeks to challenge in this case has been reversed by the state courts or otherwise

invalidated.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because the allegations set forth in Plaintiff's Complaint and the relief he seeks necessarily implicate the validity of his questioning by police, his arrest, and his conviction, and because the Complaint does not indicate that his conviction has been reversed or otherwise invalidated, his Complaint does not raise a cognizable claim under 42 U.S.C. §1983. *See id.*

In addition, Plaintiff's claims against Judge Hein are barred by the doctrine of absolute immunity. Absolute immunity is triggered when a judge engages in "paradigmatic judicial acts, or acts of actual adjudication, i.e., acts involved in resolving disputes between parties who have invoked the jurisdiction of the court." *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *see Stump v. Sparkman*, 435 U.S. 349, 355-61 (1978); *DePiero v. City of Macedonia*, 180 F.3d 770, 783-84 (6th Cir. 1999). "This far-reaching protection 'is justified by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'" *DePiero*, 180 F.3d at 783-84 (citations omitted). Thus, absolute immunity protects judges unless they engage in non-judicial acts or act in the clear absence of all jurisdiction. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). Absent either of these exceptions, absolute immunity applies even if judges "act erroneously, corruptly or in excess of jurisdiction." *Id.*

In the present case, Plaintiff claims that Judge Hein violated his right to a jury trial, entered a judgment of conviction against him without evidence of guilt, and violated his

right to appeal his conviction. Because Judge Hein's acts constituted paradigmatic judicial acts that occurred during state criminal proceedings against Plaintiff, absolute immunity bars Plaintiff's claims against Judge Hein, even if he violated Plaintiff's constitutional rights in the manner alleged in the Complaint. *See King*, 766 F.2d at 965.

Lastly, to the extent Plaintiff's allegations concern events that occurred in the Summer of 2005 – which appears to be the bulk of Plaintiff's allegations – a two-year statute of limitations bars his §1983 claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989)

Accordingly, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. §1915(e)(2)(B).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff Daniel Ferrante, Jr.'s Complaint be dismissed *sua sponte* under 28 U.S.C. §1915(e)(2)(B);

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied. If so certified, Plaintiff, a non-prisoner, would remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); and

3. This case be terminated on the docket of this Court.

April 9, 2009

                                      s/ Sharon L. Ovington
                                            Sharon L. Ovington
                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).